UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THERON PHONE HUNT,

    Petitioner,    Case No. 1:19-cv-977

v.             Honorable Janet T. Neff

ST. JOSEPH COUNTY SHERIFF,

    Respondent.

_____/

## **OPINION**

    This is a habeas corpus action brought by a state prisoner, purportedly under 28 U.S.C. § 2254. However, because Petitioner challenges his pretrial detention, his petition is properly considered one under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (holding that, where a pretrial detainee challenges the constitutionality of his or her pretrial—or prejudgment—detention, he or she must pursue relief under 28 U.S.C. § 2241).

    Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Although Petitioner's habeas application is governed by § 2241, rather than § 2254, Rule 1(b) of the Rules Governing Section 2254 Cases authorizes the application of the rules to habeas petitions brought under § 2241.

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice because Petitioner has failed to exhaust available state court remedies.

## Discussion

### I. Factual allegations

Petitioner Theron Phone Hunt is presently detained at the St. Joseph County Jail, awaiting trial on charges of open murder, armed robbery, and felon in possession of a firearm.[1] On November 3, 2019, Petitioner filed his habeas corpus petition raising six grounds for relief, as follows:

I. Excessive bail.

II. Ineffective counsel.

III. Denied fundamental constitutional right of access to the courts.

IV. Religious discrimination, violation of free exercise rights.

V. Excessive force.

VI. Radical defect in right to speedy trial.

---

[1] Petitioner does not provide the circumstances of his detention in the petition; however, in a recently dismissed civil rights case, *Hunt v. Balk et al.*, No. 1:19-cv-584 (W.D. Mich.) (herein *Hunt I*), he avers: "On or about November 16, 2018, Mr. Hunt was taken into custody of the St. Joseph County Sheriff's Department of the St. Joseph County Jail on accusation of committing an open murder, three armed robberies, and felon in possession of a firearm." *Hunt I* (Compl., ECF No. 1, PageID.3.) In a subsequent civil rights case, *Hunt v. State of Michigan*, No. 1:19-cv-756 (W.D. Mich.) (herein *Hunt II*), he notes that he continues in detention because, "on or about November 19th of 2018, St. Joseph County Magistrate Mark Brooks excessively set my bail at four million dollars." *Hunt II* (Compl., ECF No. 1, PageID.3.)

(Pet., ECF No. 1, PageID.6-12.) Petitioner claims that he has raised some of these challenges in the St. Joseph County court; however, he acknowledges that he has not raised them in the state appellate courts.

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the

3

inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Discussion

#### A. Exhaustion

The Sixth Circuit long has recognized that pretrial detainees may pursue habeas relief under § 2241. *See Atkins*, 644 F.2d at 546 & n.1. However, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546. The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Of these three exceptional circumstances, Petitioner purports to raise only a speedy-trial claim.

Even in cases where pretrial detainees may articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust all available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action, since codified at 28 U.S.C. § 2254(c)); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state courts opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. That

rationale is "especially forceful" if the claim involves the right to a speedy trial, given that the relief granted—dismissal of the case—"could not be more disruptive of pending state actions." *Id.*

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that, acting *in pro per*, he has "petitioned the judge multiple times seeking redress in regards to my lawyer's improper conduct," (Pet., ECF No. 1, PageID.8); but, he does not allege that he has raised any of the other issues, nor does he allege that he has raised any issue in the Michigan appellate courts.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard*, 404 U.S. at 275-77, *cited in Duncan*, 513 U.S. at 365, and *Anderson*, 459 U.S. at 6. To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state

6

law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

The records of the Michigan appellate courts show that Petitioner has not raised any of these issues in the Michigan Court of Appeals or the Michigan Supreme Court. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (Search Hunt Theron, visited November 29, 2019) (showing no appellate cases filed in Petitioner's name). To fairly present his claims, a petitioner must present them to all levels of the state courts in a procedurally proper manner. *See O'Sullivan*, 526 U.S. at 848 (requiring claims to be "properly" exhausted); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim that is presented in a procedurally improper manner does not constitute fair presentation).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has multiple available procedures by which to raise the issues he has presented in this application. Petitioner is represented by counsel and his criminal case has not yet been tried. Petitioner may seek to have counsel present his motion, after which counsel may seek leave to appeal the speedy-trial issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

7

In sum, Petitioner's habeas grounds are not exhausted. Until Petitioner has exhausted his state-court remedies, the Court will not consider his § 2241 petition.

### B. Cognizabililty

Although Petitioner's failure to exhaust his claims precludes habeas relief, certain of Petitioner's claims are simply outside of the Court's habeas jurisdiction. Petitioner's access to the courts, excessive force, and free exercise claims relate to the conditions of Petitioner's confinement, not the fact or duration of his confinement. Such claims are not cognizable on habeas review. *See, e.g., In re Owens*, 525 F. App'x 287, 280 (6th Cir. 2013) (court determined Owens' conditions of confinement claims could not be pursued in a § 2254 petition); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006) ("[A] habeas corpus proceeding does not extend to the conditions of confinement . . . ."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: December 13, 2019 /s/ Janet T. Neff
                                                        Janet T. Neff
                                                        United States District Judge